IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY ALAN BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14 cv 01958 |
| ) | |
| CORPORAL [F/N/U] HENRY, ) | Judge Campbell / Brown |
| WARDEN CHARLES CARPENTER, and ) | |
| INTERNAL AFFAIRS INVESTIGATOR ) | |
| MICHAEL KEYS, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M**

By order entered October 22, 2014, this matter was referred to the undersigned for case management and resolution of non-dispositive motions.

The Plaintiff, a prisoner who proceeds *pro se* and *in forma pauperis*, filed his initial complaint in this action on October 8, 2014, asserting claims under 42 U.S.C. § 1983. Although the Plaintiff is a three-striker subject to the restrictions imposed by 28 U.S.C. § 1915(g), the claims in his original complaint were permitted to proceed on the grounds that he alleged imminent danger of serious physical injury.

On December 3, 2014, the Plaintiff filed his first motion to amend his complaint, which the undersigned denied. Now before the Court is Plaintiff's renewed motion to amend his complaint to add two new defendants to this case, Unit Manager Christie Thomas and

Captain Frank Herouix, both of whom are alleged to be employed at Riverbend Maximum Security Institution ("RMSI"), where the incident that is the subject of the Plaintiff's original complaint occurred.

For the reasons set forth herein, the motion to amend (ECF No. 20) will be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Plaintiff will be permitted to amend his complaint to add Christie Thomas as a defendant.

The Magistrate Judge notes that the Plaintiff's previous motion to amend his complaint was denied on the basis that the Plaintiff, a three-striker who is subject to the provisions of 28 U.S.C. § 1915(g), did not allege that he was in imminent danger of serious physical injury from the individuals he sought to add as defendants. (ECF No. 17, at 2.) The Plaintiff's new amendment now seeks to state claims of imminent danger at the hands of the new defendants. He cannot do so, because he is no longer housed at RMSI and therefore is no longer under a threat of harm from these defendants, if he ever was.

However, the Magistrate Judge reconsiders his original conclusion that the Plaintiff was required to allege imminent danger from the defendants sought to be added to the complaint. The appellate courts that have considered the issue have uniformly held that a prisoner with three strikes who adequately alleges imminent danger can, in the same suit, proceed *in forma pauperis* on other claims that do not have a nexus to imminent danger. *See, e.g.*,

*Chavis v. Chappius*, 618 F.3d 162, 171–72 (2d Cir. 2010) (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1054 (9th Cir. 2007); *Ibrahim v. District of Columbia*, 463 F.3d 3, 5–7 (D.C. Cir. 2006); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Gibbs v. Roman*, 116 F.3d 83, 87 n.7 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (en banc)).

The Sixth Circuit appears not to have addressed this issue directly, but has acknowledged that both the Second and Ninth Circuits have rejected a "nexus" requirement. *See Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 588 (6th Cir. 2013) (declining "to reach whether § 1915(g) incorporates a nexus requirement," because the defendant would not prevail even if it did, but noting that "the Second Circuit has held that once a plaintiff establishes a nexus between one of his claims and the imminent anger he is alleging, he may proceed with his entire action"). The Magistrate Judge finds it likely that the Sixth Circuit would adopt the same standard if confronted with the issue, and further finds that there is no effective difference between, on the one hand, allowing a three-striker to pursue all the claims asserted in his original complaint (as long as they actually state a colorable claim) even when they have no nexus with the alleged "imminent danger" and, on the other, permitting the same plaintiff to amend his complaint to assert similar claims. In other words,

once a plaintiff who is subject to § 1915(g) has been permitted to pursue his action *in forma pauperis* based on an allegation of imminent danger, the action should be treated like any other *pro se* prisoner's action.

Which brings the Magistrate Judge back to the question of whether the Plaintiff here should be permitted to amend his complaint. Generally speaking, a motion to amend a complaint should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because the Plaintiff is a prisoner who proceeds *in forma pauperis*, his motion to amend his complaint is also subject to the limitations imposed by the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The operative question, accordingly, is whether the claims in the proposed amendment fail to state a claim upon which relief can be granted, are frivolous, or seek monetary relief from a defendant who is immune from such relief. If the proposed amended complaint could not withstand a Rule 12(b)(6) motion, the motion to amend should be denied. *Massengill v. Ohio Adult Parole Auth.*, 28 F. App'x 510, 511 (6th Cir. 2002)

As noted above, the Plaintiff seeks to add as defendants Unit Manager Christie Thomas and Captain Frank Herouix. The Plaintiff states that he seeks to add Thomas

> because of the daily threats she has made against me and the fact that she has allowed officers to do stuff to me just like she allowed visine eye drops to be put in my food tray and then came told me about it today and told

me I better not eat my food if I don't wanna die.
(ECF No. 20, at 2.) Although threats alone are not generally not sufficient to give rise to a claim of constitutional dimension, *see Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987), the allegations that Thomas was actively involved in contaminating the Plaintiff's food, and told him about it, which the Court must accept as true at this juncture, state a colorable claim against Thomas for violation of Plaintiff's right to be free of excessive force and the use of cruel and unusual punishment. The Magistrate Judge expresses no opinion as to the ultimate merit of these claims, but will permit the Plaintiff to amend his complaint to add Christie Thomas as a defendant.

Regarding Captain Herouix, the Plaintiff states that the incident giving rise to the claims in the original complaint in this action were "reported to" Herouix, because he was shift commander, but Herouix did nothing about this matter and "since then . . . has made numerous threats towards me and has approached gang members to get them to attempt to seek retaliation against me." (*Id.*)

The Magistrate Judge finds that these allegations fail to state a claim of constitutional dimension against Herouix. First, to establish the liability of any individual defendant under 42 U.S.C. § 1983, a plaintiff must show that that particular defendant was personally involved in the activities giving rise to the

plaintiff's claims. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (noting that "[p]ersons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior"); *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability." (citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)). Moreover, a failure to act upon a report or a grievance does not give rise to liability. *See, e.g., LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure"). Thus, the Plaintiff's allegations that Herouix failed to respond to the Plaintiff's reports of alleged wrongdoing by other prison officials do not state a claim for which relief may be granted under 42 U.S.C. § 1983.

The Plaintiff's allegations that Herouix "threatened" him fail to state a claim for which relief may be granted, because "a mere threat is not a constitutional violation." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 775 (E.D. Mich. 2009) (citing *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (federal right must be actually denied, not merely threatened); *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987) (claim of verbal abuse is not

cognizable under § 1983)). Likewise, even if Herouix attempted to goad "gangmembers" into "retaliating" against the Plaintiff, the Plaintiff fails to allege any harm arising from such alleged attempts, and the Plaintiff has since then been transferred to another prison, thus obviating the risk of harm. These allegations therefore fail to state a claim of constitutional dimension against Herouix. The Plaintiff's motion to amend his complaint to add Herouix as a defendant will be denied on the basis that the proposed amendment fails to state a claim for which relief may be granted.

An appropriate order is filed herewith.

        /s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge